UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA STEIN and STUART STEIN,<br><br>         Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE COMPANY OF ARIZONA,<br><br>         Defendant. | Case No.: 3:19-cv-00410-DMS-AHG<br><br>**ORDER RESOLVING:**<br><br>**(1) JOINT MOTION RE DISCOVERY DISPUTE CONCERNING PRODUCTION OF CLAIM FILE RELATED TO THE UMBRELLA CLAIM and**<br><br>**(2) DEFENDANT'S OBJECTION TO JOINT MOTION**<br><br>**[ECF Nos. 92, 93]** |

  Before the Court is the parties' Joint Motion Re Discovery Dispute Concerning Production of Claim File Relating to the Umbrella Claim, and Farmer Insurance Company of Arizona's ("Defendant") Objection to the Joint Motion. ECF Nos. 92, 93. Plaintiffs Barbara and Stuart Stein ("Plaintiffs") seek discovery of Defendant's claims file relating to Plaintiffs' umbrella policy. ECF No. 92 at 3-6. Defendant contends this information is irrelevant because the umbrella policy was issued by an entity that is not a party to this action. *Id.* at 6-9. Defendant further objects to the Joint Motion on the grounds that

Plaintiffs included an unauthorized section titled "Plaintiffs' Reply on Joint Motion," and filed the Joint Motion without its consent. ECF No. 93 at 3.

## I. BACKGROUND

This case arises from Defendant's actions in adjusting Plaintiffs' insurance claim following Plaintiffs' automobile accident with an uninsured motorist in Colorado. Third Am. Compl. ¶¶ 1, 9, 64, ECF No. 44. Plaintiffs, who are residents of New Mexico, allege their damages claims were covered under uninsured motorist provisions of an automobile insurance policy issued by Defendant and an umbrella insurance policy drafted by Farmers Group, Inc. and issued by Farmers Insurance Exchange.[1] *Id.* ¶¶ 3-4, 10, 65. In the months following the accident, Plaintiffs had many communications with employees of Defendant during which they claim misleading, incorrect, and bad faith statements were made while Defendant improperly delayed adjustment and payment of their claims. *Id.* ¶¶ 65-95.

Plaintiffs filed the instant lawsuit on February 28, 2019. ECF No. 1. In the operative Third Amended Complaint, Plaintiffs allege causes of action for (1) breach of the implied covenant of good faith and fair dealing, (2) breach of contract, and (3) declaratory relief. ECF No. 44 ¶¶ 96-111.

## II. DEFENDANT'S OBJECTION TO THE JOINT MOTION

Defendant objects to the Joint Motion because Plaintiffs included a section titled "Plaintiffs' Reply on Joint Motion" that was not authorized by the briefing schedule set by the Order Setting Briefing Schedule for Discovery Dispute (ECF No. 91). Plaintiffs' counsel contacted the Court on January 14, 2021, regarding the possibility of responding to the Objection, but the Court instructed Plaintiffs' counsel not to file any more documents. There is no need for further argument or briefing on the objection.

The purpose of filing a joint motion to resolve a discovery dispute, as opposed to a motion on separate briefs, is to give the parties an opportunity to review and understand

---

[1] Farmers Group, Inc. ("FGI") and Farmers Insurance Exchange ("FIE") since have been dismissed from the case, so only the claims against Defendant remain. ECF Nos. 18, 37.

the other side's position, and thereby meet and confer in good faith one last time to see if it is necessary to seek the Court's intervention. When the Court set the briefing schedule verbally with the parties, the Court cautioned counsel that when they provide their portion of the joint motion to the other party, it should reflect a good faith effort to state their complete argument in order to avoid prejudice from last minute interjections of new arguments just before the joint motion is filed. The briefing schedule provided for an additional day after both parties submitted their portions of the joint motion to allow the parties to make changes that respond to the other party's portion, but not to raise additional or new arguments that could have been raised in the first draft.

Defendant objects to the section in the Joint Motion titled "Plaintiff's Reply on Joint Motion." In this section, Plaintiff repeats arguments made in the section above titled "Plaintiff's Statement." The Reply cites to one case, *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573 (9th Cir. 1992), that was also cited in Plaintiff's Statement. Although the Court did not contemplate in the briefing schedule that Plaintiff would include a separate "Reply" section in the Joint Motion, the Reply does not raise new arguments or cite additional case law that is not already in Plaintiff's Statement. Defendant does not claim that it was prejudiced by new argument in the Reply to which it was unable to respond. Because Defendant has shown no prejudice, Defendant's objection to the Reply is overruled.

Defendant also objects to the Certification by Plaintiffs' counsel in the Joint Motion that "the content of [the Joint Motion] is acceptable to" Defendant's counsel and that Plaintiffs' counsel had "obtained authorization from [Defendant's counsel] to affix his electronic signature" to the Joint Motion. ECF No. 92 at 12. Defendant states that it was "forced to agree to an electronic signature because otherwise, Defendant's statement would not be presented at all." ECF No. 93 at 3-4.

///
///
///

The issue of the Certification is more troubling, because all counsel should take seriously the representations they make to the Court.[2] The Court overrules this objection, however, because it is not clear that Plaintiffs filed the Joint Motion without Defendant's consent. On the one hand, Defendant argues that the content of the Joint Motion was not acceptable to it, so it did not give consent to the filing. On the other hand, by stating it was "forced to agree," Defendant seems to concede that there was some agreement.

None of this, of course, bears on the merits of the dispute at issue before the Court, which are addressed below. The Court hopes that in the future counsel will seek to work more cooperatively with each other to avoid such ancillary disputes.

### III.  LEGAL STANDARD

The scope of permissible discovery in civil cases is dictated by Rule 26 of the Federal Rules of Civil Procedure, which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts further consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The information sought need not be admissible to be discoverable. *Id.* District courts have broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

### IV.  DISCUSSION

In the present dispute, Plaintiffs seek an order compelling Defendant to produce the complete claims file from an umbrella insurance policy issued to Plaintiffs by Defendant's affiliate, Farmers Insurance Exchange ("FIE"). FIE was originally named as a defendant

---

[2] Defendant could have insisted on a statement in the Certification or elsewhere in the Joint Motion (for example, in "Defendant's Statement") that it objects to the Reply section as unauthorized. It does not appear that Defendant attempted to do that.

in this action. ECF No. 1. The Court granted FIE's motion to dismiss for lack of subject matter jurisdiction on October 21, 2019 because there was not complete diversity between Plaintiffs and FIE. ECF No. 18. Notwithstanding the dismissal, Plaintiffs argue that the claims file for FIE's umbrella policy is relevant to Plaintiffs' claims against Defendant because the same claims adjuster handled Plaintiffs' claims under both the automobile and umbrella policies, and Plaintiffs have alleged in the operative complaint that the adjuster failed to undertake a timely investigation of Plaintiffs' claims and misrepresented Plaintiffs' cooperation. ECF No. 44 ¶¶ 83, 93-95.

Defendant argues that the umbrella claims file is not relevant because FIE is "an entirely different insurer than the defendant and a non-party to this litigation." ECF No. 92 at 6. Defendant contends that the allegations in the complaint are immaterial because the Court has ruled that Defendant cannot be liable as a matter of law with respect to the umbrella policy. Defendant argues that the umbrella claims file is not relevant merely because the same adjuster handled Plaintiffs' claims arising from the same accident under both Defendant's automobile policy and FIE's umbrella policy. Defendant points out that it did, in the spirit of compromise, produce selected information from the umbrella claims file, that what it has produced is sufficient to address the mental impressions and opinions of the adjuster, and that Plaintiffs can depose the adjuster for further exploration of his mental impressions and opinions.

Defendant incorrectly assumes that the scope of relevance is defined by the scope of FIE and FGI's liability. Although neither FIE nor FGI can be liable, the umbrella claims file is still relevant. "In a bad faith insurance claim settlement case, the 'strategy, mental impressions and opinion of [the insurer's] agents concerning the handling of the claim are directly at issue.'" *Holmgren*, 976 F.2d at 577 (quoting *Reavis v. Metropolitan Prop. & Liab. Ins. Co.*, 117 F.R.D. 160, 164 (S.D. Cal. 1987)). The same adjuster handled both the claim under Defendant's automobile policy and the claim under FIE's umbrella policy. The information that the adjuster used to investigate these claims appears to overlap substantially, if not completely. The adjuster's impressions as to that information are

relevant regardless of which claims file they landed in, and even though neither FIE nor FGI can be liable. For example, the documents in the umbrella claims file could reflect bias by the adjuster against Plaintiffs, which would be relevant to Plaintiffs' claims against Defendant under the automobile policy. Defendant's voluntary production of selected excerpts of the file is not sufficient. Plaintiffs should have access to the complete file, not just the portions that Defendant is willing to produce.[3]

## V.  CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendant's objections to the Joint Motion are **OVERRULED**;
2. Plaintiffs' request for production of the umbrella claims file is **GRANTED**; and,
3. Defendant is **ORDERED** to produce the umbrella claims file to Plaintiffs no later than **January 21, 2021**.

   **IT IS SO ORDERED.**

Dated:  January 15, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] Defendant has waived any objections that it stated in its responses but did not assert in the Joint Motion. *Sherwin-Williams Co. v. Earl Scheib of Cal., Inc.*, No. 12cv2646-JAH-JMA, 2013 WL 12073836, at *2 n.1 (S.D. Cal. Mar. 4, 2013) (deeming all objections raised in response to the discovery requests but not addressed in the discovery motion to be moot or waived, limiting its review to arguments presented in the parties' briefs).