1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| BARBARA STEIN and STUART STEIN, | Case No.: 3:19-cv-00410-DMS-AHG |
|---|---|
| Plaintiffs, | **ORDER GRANTING JOINT MOTION RE DISCOVERY STIPULATIONS** |
| v. | |
| FARMERS INSURANCE COMPANY OF ARIZONA, *et al.*, | **[ECF No. 95]** |
| Defendants. | |

This matter comes before the Court on the parties' Joint Motion seeking Court approval of their discovery stipulations. ECF No. 95. Good cause appearing, and upon consultation with the District Judge, the Joint Motion is hereby **GRANTED**, as follows:

1. All documents produced in discovery need no further foundation established for their use at trial. The parties reserve objections as to hearsay, cumulative, prejudicial and as to exclusion orders resulting from motions *in limine*. As to all medical records, bills and claims files, the business records exception to the hearsay rule applies and overcomes any such objections. However, the parties reserve all other objections with respect to any of the medical records produced.

2. In light of the difficulties imposed by the COVID-19 pandemic, including the travel and stay-at-home restrictions recently re-imposed, fact and expert discovery may continue until **April 26, 2021**, the date currently set for the conclusion of expert discovery. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties'

position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

3. Notwithstanding the dates set for expert discovery, Defendant will have up to and including **April 26, 2021**, to undertake the neuropsychological medical examination/testing of Barbara and Stuart Stein. Plaintiffs and Defendant will produce their initial expert reports within **20 days** of their examination. Further, expert report exchanges for any and all eye-related experts will be exchanged on the same schedule as for the neuropsychologists. Plaintiffs and Defendant will then have **20 days** in which to depose said experts.

4. The testimony of any or all trial witnesses may be presented by contemporaneous transmission per FRCP 43, subject to approval of the District Judge.

5. Notwithstanding the fact discovery cut-off of February 7, 2021, and as a consequence of the parties' continuing efforts to produce the discoverable portions of the claims files not yet produced and to complete the depositions of the FICA claims representatives previously noticed, Plaintiffs will have up to and including **February 28, 2021**, to complete the depositions of Steve Wayant, Harold Kammeraad, Gary Payne and the FICA PMQ deposition.

6. *People v. Sanchez* (2016) 63 Cal. 4th 665, a state court ruling on a state court evidentiary issue interpreting California Evidence Code Section 801, shall not be the basis for any objection by any party as to the issues presented in this case.

**IT IS SO ORDERED.**

Dated: February 17, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge