UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA STEIN, an individual; and STUART STEIN, an individual,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE COMPANY OF ARIZONA, a corporation; et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 19-cv-410-DMS (NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE** |

Pending before the Court is Defendant Farmers Insurance Company of Arizona's ("Defendant") motion to bifurcate. Plaintiffs filed a response in opposition to Defendant's motion, and Defendant filed a reply. For the reasons discussed below, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

Plaintiffs Barbara Stein and Stuart Stein allege Defendant unlawfully denied them insurance coverage after they sustained injuries in an automobile collision with an

uninsured driver.[1]  Plaintiffs suffered the accident in September of 2018 while driving in Colorado Springs, Colorado.  (Third Am. Compl. ("TAC"), ECF No. 44, ¶ 1.)  Plaintiffs allege the uninsured driver was the sole cause of the collision, and that due to the collision, they sustained permanent injuries and were required to undergo multiple surgeries.  (*Id.* ¶¶ 2, 63.)

In their TAC, Plaintiffs allege a breach of contract claim based on Defendant's failure to timely investigate the collision and adequately compensate them under the uninsured motorist ("UM") provisions of their automobile insurance policy.  Plaintiffs further allege claims for breach of the implied covenant of good faith and fair dealing and violation of the New Mexico Unfair Insurance Practices Act, N.M. Stat. Ann. § 59A-16-20.  Plaintiffs seek declaratory relief, contractual damages, attorney's fees and costs.  Plaintiffs also seek compensation for their personal injuries and consequential damages, including punitive damages under applicable Colorado law.  Plaintiffs' claims are set for trial on July 26, 2021.  Defendant now moves to bifurcate, asking the Court to order separate trials: one on Plaintiffs' breach of contract claim, and one on the remaining claims seeking extra-contractual damages.

## II.

## DISCUSSION

It is undisputed that federal procedural law, and New Mexico substantive law, govern this case.  Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  A district court has "broad discretion" in determining whether to bifurcate a trial under Rule 42(b).  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  The party seeking bifurcation has the burden to prove bifurcation is justified.  *Spectra-Physics*

---

[1] A full discussion of the facts relevant to this lawsuit is set out in the Court's previous Orders.  (ECF Nos. 18, 63.)

*Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992). Defendant asserts bifurcation is warranted because (1) the resolution of the UM claim could render the remaining claims moot and (2) litigating all the claims in the same proceeding would be confusing to the jury and prejudicial to Defendant. In response, Plaintiffs contend Defendant has failed to show bifurcation is proper here.

The Court finds that under Rule 42(b), bifurcation is not necessary in this case. First, although Defendant argues bifurcation is mandatory because resolution of the UM claim is a condition precedent to Plaintiffs' extra-contractual claims under New Mexico law, "[t]he federal rules govern bifurcation in federal court, not [New Mexico] state rules." *Sena-Baker v. Allstate Prop. & Cas. Ins. Co.*, No. CV 20-492 SCY/KK, 2020 WL 5748355, at *5 (D.N.M. Sept. 25, 2020). Moreover, even under New Mexico law, bifurcation is not mandated where, as here, a plaintiff alleges claims beyond a defendant insurer's failure to pay.[2] *See id.* at *4–5; *Buccheri v. GEICO Ins. Co.*, No. 1:17-CV-00490-LF-KK, 2017 WL 3575486, at *2–3 (D.N.M. Aug. 17, 2017) (denying motion to bifurcate where plaintiff alleged defendant "misrepresent[ed] the amount of benefits under the policy" and "fail[ed] to timely resolve her claim" in addition to bad faith failure to pay).

Further, Defendant does not appear to dispute the liability of the uninsured driver, the tortfeasor in this case. Rather, Defendant asserts "there is a genuine dispute concerning causation, the nature, extent, and value of the claimed bodily injuries, and the amount of UM benefits Plaintiffs are entitled to recover under their . . . policy." (Def.'s Mot. to Bifurcate, ECF No. 112, at 9.) "As a result, the dispute in this lawsuit concerns the not-so-distinct issues of how much Defendant must pay and whether its pre-litigation settlement offers were reasonable. Thus, bifurcating this case would be neither convenient nor

---

[2] Plaintiffs allege additional bad faith conduct beyond Defendant's failure to adequately compensate Plaintiffs for their injuries, including that Defendant misrepresented the insurance policy's coverage, failed to properly investigate Plaintiffs' insurance claims, and failed to timely respond to Plaintiffs' requests.

efficient." *Sena-Baker*, 2020 WL 5748355 at *2. Indeed, "[b]ifurcation is inappropriate when the issues are so intertwined that separating them would create confusion to the trier of fact." *Karpenski v. Am. Gen. Life Companies, LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (citing *Miller v. Fairchild Industries, Inc.,* 885 F.2d 498, 511 (9th Cir. 1989)). Such is the case here. The evidence related to Plaintiffs' injuries is relevant both to the amount of Plaintiffs' damages at issue in their contractual claim and to whether Defendant's evaluation of Plaintiffs' insurance claim was conducted in bad faith. Bifurcation is thus unlikely to conserve judicial resources in this case, and the Court finds that trying all of Plaintiffs' claims together will not be unfairly prejudicial to Defendant.

## III.

## CONCLUSION AND ORDER

For the reasons set out above, the Court denies Defendant's motion to bifurcate.

**IT IS SO ORDERED**.

Dated:  June 9, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court