UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA STEIN and STUART STEIN,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE COMPANY OF ARIZONA,<br><br>Defendant. | Case No.: 3:19-cv-00410-DMS-AHG<br><br>**ORDER DENYING MOTION TO AMEND SCHEDULING ORDER TO FILE MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 133] |

## I. BACKGROUND

This matter comes before the Court on Defendant's Motion for Leave to File Motion for Summary Judgment, filed on June 5, 2021. ECF No. 133. Defendant asks that the Court amend the Scheduling Order to allow it to file a motion for summary judgment, although the pretrial motions deadline passed on February 22, 2021. *Id.*; *see also* ECF No. 43. The Court held a hearing on the motion on July 8, 2021. ECF No. 167. This order follows.

## II. LEGAL STANDARD

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

## III. DISCUSSION

Here, Defendant argues good cause exists to extend the pretrial motions deadline in the Scheduling Order, because the Court has extended the discovery deadlines for fact and expert discovery several times without concurrently extending the pretrial motions deadline. ECF No. 133 at 3 (citing ECF Nos. 69, 72, 80, 91, 99, 101, 129). Defendant notes that, pursuant to Federal Rule of Civil Procedure 56(b), the default deadline to file a summary judgment motion is "at any time until 30 days after the close of discovery." ECF No. 133 at 4. Defendant further notes that, "[e]ven assuming that discovery has now been

closed," its summary judgment motion would be filed within 30 days of the close of discovery. *Id.*

Although Defendant's motion is styled as a motion for leave to file a motion for summary judgment, and Defendant has attached its proposed summary judgment motion thereto (ECF No. 133-1), the Court must first address the threshold issue of whether Defendant has shown good cause to amend the scheduling order to allow the motion to be filed more than four months late. That threshold issue turns solely on the diligence inquiry outlined above. Accordingly, the Court has not considered the merits of the proposed summary judgment motion in reaching its conclusion.

For the following reasons, the Court finds Defendant has failed to show good cause to grant the motion to amend the scheduling order.

First, the Court rejects Defendant's argument that the proposed motion "would have been timely under the default deadline" in Rule 56(b). That provision expressly states: "***Unless a different time is set by local rule or the court orders otherwise***, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). Here, the Court did order otherwise. ECF No. 43. More importantly, contrary to the implications in Defendant's motion, the Court's repeated extensions of discovery in this matter without concurrent extensions of the pretrial motions deadline were no oversight. Rather, during several discovery conferences with the Court, counsel for Defendant, Andrew Hollins, represented to the Court that no summary judgment motions would be filed when the Court expressed reticence to extend the discovery deadlines in the case schedule well past the original September 25, 2020 fact discovery cut-off and January 11, 2021 expert discovery cut-off corresponding with the February 22, 2021 pretrial motions deadline. Indeed, the Court documented this representation in its November 6, 2020 Order extending the discovery cut-off by 45 days. *See* ECF No. 80 at 1 (Amended Scheduling Order extending the discovery cut-off but noting that, at the discovery conference held the day prior, the parties indicated they "did

3

3:19-cv-00410-DMS-AHG

not believe it was necessary to alter the deadline for filing dispositive motions."). Defendant's motion makes no mention of this important context.

Plaintiffs do raise this context. In their Opposition, Plaintiffs submit a declaration from their former counsel, Joseph Dicks, which makes note of defense counsel's repeated representations both to the Court and to Mr. Dicks that the issues in this case are "fact-intensive," and thus not suitable to be decided on summary judgment. ECF No. 148-1, Dicks Decl. ¶¶ 6-7. In addition to discussing the November 5, 2020 discovery conference, Mr. Dicks documents another two discovery conferences and four meet-and-confer conversations with Mr. Hollins between September 2020 and May 2021 during which Mr. Hollins either directly discussed that there would likely be no dispositive motions filed in this case or otherwise failed to mention to Mr. Dicks or to the Court that FICA intended to seek relief from the already-passed pretrial motions deadline to file a summary judgment motion. *Id.* ¶¶ 6-12.

Defendant's Reply ignores the relevance of these facts to the diligence inquiry, instead arguing that "Plaintiffs' complaints regarding FICA's lack of notice to Plaintiffs as to its intention to file a Motion for Summary Judgment are irrelevant" because "[t]here is no meet and confer requirement." ECF No. 163 at 4. While that may be true, the burden is on Defendant to show good cause to alter the deadlines in the Scheduling Order, and the reason behind the "good cause" requirement is that scheduling orders "are at the heart of case management." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990) (citation omitted). Rule 16(b) sets forth a "careful scheme of reasonable framing and enforcement of scheduling orders for case management" to ensure that cases proceed in an orderly, predictable, and efficient manner. *Id. See also, e.g., C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1197 (C.D. Cal. 2009), *aff'd sub nom. C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975 (9th Cir. 2011) ("Rule 16(b) was added to the Federal Rules of Civil Procedure in order to facilitate judicial control over a case and to set a schedule for pretrial steps."). Allowing Defendant to file a months-late dispositive motion on the eve of trial would be contrary to that purpose, and

the onus is thus on Defendant to justify its tardiness under Rule 16(b). Defendant's silence on the issue since the pretrial motions deadline passed in February is therefore directly relevant to whether the "good cause" standard has been met.

Second, the Court rejects Defendant's argument that discovery it has obtained since the pretrial motions deadline passed in February justifies an extension of the deadline to file a summary judgment motion. Namely, Defendant contends that (1) Plaintiffs produced new records on February 26, 2021 and April 26, 2021, which included medical and economic records that had not been produced before; and (2) FICA needed to complete neuropsychological independent medical evaluations ("IMEs") of Plaintiffs before preparing a summary judgment motion, and the IMEs took place in late April. *See* ECF No. 133 at 4; ECF No. 133-1, Hollins Decl. ¶¶ 3-4.

As an initial matter, the Court has held three discovery conferences, a settlement conference, and a motion hearing between the pretrial motions filing deadline of February 22, 2021 and June 5, 2021, when Defendant filed the present motion. *See* ECF Nos. 104 (April 14 discovery conference), 108 (April 23 discovery conference), 111 (May 5 settlement conference), 115 (May 21 motion hearing), 128 (June 1 discovery conference). Defense counsel never mentioned to the undersigned during any of these conferences that any of the discovery produced since February 22 had changed the landscape with respect to whether the case was now suitable for summary disposition. Indeed, Defendant does not even make that argument in the papers before the Court now. Rather, Defendant simply presents its position in generalities, i.e., "Summary judgment motions ***usually follow close of discovery*** because such motions are only granted where there is a lack of genuine dispute of material fact, and with discovery ongoing, ***there may be evidence that is produced that would raise a genuine dispute*** . . . ." ECF No. 133 at 4 (emphasis added). However, Defendant does not explain what evidence ***in this case*** was produced after the pretrial motions deadline—and which was not and could not have been known prior to the deadline—that led defense counsel to determine that the case is now suitable for summary disposition. While Defendant states that Plaintiffs' IMEs were

"necessary for FICA's evaluation" and "could not have been conducted earlier than the motion deadline[,]" Defendant does not actually argue the IMEs were necessary for its proposed summary judgment motion (as opposed to its evaluation of the evidence generally). Nor does Defendant otherwise explain what evidence (if any) was revealed by the IMEs that bore on its decision to move for summary judgment or that is important to the proposed motion. *Id.* Defendant had an additional opportunity to make such an argument at the July 8, 2021 hearing on the present motion, but failed to do so. At the hearing, Defendant did not point to any specific evidence that was needed for the proposed summary judgment motion but that it did not have at the time of the February 22 deadline. Moreover, the Court's independent review of the proposed summary judgment motion reveals that Defendant does not cite to any evidence in particular from the April 2021 IMEs, further indicating that Defendant's late decision to move for summary judgment does not turn on any evidence obtained after the pretrial motions deadline.[1]

In sum, even if the Court were persuaded that evidence produced after the pretrial motions deadline became crucial to its proposed summary judgment motion, Defendant has still failed to show that the February 22, 2021 pretrial motions deadline could not have been met ***despite Defendant's diligence***. As explained above, the key inquiry under Rule 16(b)(4) is whether the party seeking to amend the Scheduling Order has shown the requisite diligence. *See Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.") (citation omitted). Defendant had multiple opportunities to raise the issue of late-produced discovery with the Court, and the impact that any newly discovered evidence

---

[1] To the extent Defendant is arguing that it needed to evaluate the entire universe of evidence before it could determine whether there was a genuine dispute of material fact in the case—i.e., that the case ***was always*** suitable for summary disposition, but Defendant needed to wait to see if any new evidence changed that determination—the Court finds such argument unpersuasive and directly inconsistent with its previous repeated representations that the fact-intensive nature of this case precluded summary judgment.

might have had on Defendant's previous position that no summary judgment motions would be filed. Yet each of the five times the Court held a discovery conference or other hearing between February 22 and June 5, 2021, defense counsel either expressly stated that no such motions would be filed, or otherwise failed to raise the issue.

Therefore, Defendant has failed to show that it acted diligently to comply with the existing deadline to file a dispositive motion. If the moving party fails to show diligence, the inquiry must end. *Johnson*, 975 F.2d at 609; *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1097 (9th Cir. 2002).

Finally, although prejudice is not the deciding factor in its determination, the Court finds that allowing Defendant to file its motion at this juncture in the litigation would also cause prejudice to Plaintiffs. Defendant sought to file its motion on June 5, 2021, less than two weeks before the June 18 pretrial conference and only seven weeks prior to the trial date of July 26, 2021. *See Cruz v. City of Anaheim*, No. CV1003997MMMJEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (quoting *Johnson*, 975 F.2d at 609) ("Because diligence is the focus of the inquiry, prejudice to the party opposing the modification is not a prerequisite; it does, however, 'supply additional reasons to deny [the] motion.'"). The threatened prejudice to Plaintiffs is an additional reason to deny the motion.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Leave to File Motion for Summary Judgment (ECF No. 133) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 12, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge