Michael N. Poli, *Admitted Pro Hac Vice*
POLI, MOON & ZANE, PLLC
2999 North 44th Street, Suite 325
Phoenix, Arizona 85018
Telephone: (602) 857-8180
Facsimile: (602) 857-7333
Email: mpoli@pmzlaw.com

Michael D. Dicks, SBN 141914
DICKS & COGLIANESE, LLP
28 North Center Street
Mesa, Arizona 85201
Telephone: (602) 254-4222
Facsimile: (602) 254-0222
Email: mdicks@hoadefectlawyers.com

Attorneys for Plaintiff BARBARA STEIN

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARBARA STEIN, an individual; and STUART STEIN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE COMPANY OF ARIZONA, a corporation; and FARMERS GROUP, INC., a corporation,<br><br>Defendants. | Case No. 19-cv-0410-DMS (AHG)<br><br>**PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST**<br><br>Courtroom: 13A<br>Judge: Hon. Dana M. Sabraw<br>Magistrate: Hon. Allison H. Goddard |

## INTRODUCTION

Prejudgment interest is "compensatory" as "it is awarded to indemnify the plaintiff for the loss of earnings on that money due to its delayed payment." *Weidler v. Big J Enterprises, Inc.*, 953 P.2d 1089, 1103, ¶ 54 (N.M. App. 1998)(quotation omitted). "[P]rejudgment interest on a compensatory damages award is necessary to make the plaintiff whole, because the damages to which he

was entitled to compensate for his loss were not received until long after the injury occurred." *Id*. (given the compensatory nature of prejudgment interest, *Weidler* held that prejudgment interest was not proper for punitive damages).

In this case, Farmers' bad faith decision to deny Barbara Stein the benefit of her insurance contract exacerbated her emotional injuries and resulted in millions of dollars in damages. Adding salt to the wound, Mrs. Stein was compelled to pay hundreds of thousands of dollars to initiate and prosecute this successful bad faith action. Accordingly, Mrs. Stein respectfully requests an award of prejudgment interest pursuant to N.M.S.A. § 56-8-4, from the date of service of the complaint, said prejudgment interest to be applied to all contract and compensatory damages awarded in this matter, as well as to the hourly attorneys' fees and litigation expenses she paid to her prior counsel.[1]

## ARGUMENT

### A. <u>Under N.M.S.A. § 56-8-4, Plaintiff is Entitled to Prejudgment Interest on all Damages Awarded, Excluding only the Punitive Damages</u>.

It is well recognized under *Erie* principles that "'[p]rejudgment interest in a diversity action is a substantive matter governed by state law.'" *U.S. Fid. & Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1139 (9th Cir. 2011) (quoting

[1] Plaintiff is not seeking prejudgment interest on the punitive damage verdict. *See Weidler*, 953 P.2d at 1103. Defendant Farmers Insurance Company of Arizona ("FICA") was served on May 23, 2019. *See* ECF No. 9 at 2. Plaintiff may also be entitled to an award of prejudgment interest under N.M.S.A. § 56-8-3, but under that statute, interest begins to accrue on the date the insurer denies liability. *See Hillelson v. Republic Ins. Co.*, 627 P.2d 878, 879 (N.M. 1981). Because (1) determination of that date — that is, the date interest would have begun to accrue under that statute — would certainly be highly disputed and likely expand these proceedings, and (2) Plaintiff is clearly entitled to an award of prejudgment interest under N.M.S.A. § 56-8-4, which has a well-defined accrual date (*i.e.,* the date of service of the complaint), Plaintiff is only seeking prejudgment interest pursuant to N.M.S.A. § 56-8-4.

*In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007)); *see also Webco Indus., Inc. v. Thermatool Corp.*, 278 F.3d 1120, 1134 (10th Cir. 2002)).

New Mexico law governs this matter and N.M.S.A. § 56-8-4 provides for an award of prejudgment interest to Plaintiff. N.M.S.A. § 56-8-4(B) provides as follows:

> Unless the judgment is based on unpaid child support, ***the court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant*** after considering, among other things:
>
> (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and
>
> (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.

N.M.S.A. § 56-8-4(B) (emphasis added).

Section 56-8-4(B) applies to both contract and tort claims, including those where the amounts are not "liquidated" or readily ascertainable. *Southard v. Fox*, 833 P.2d 251, 253, ¶ 7 (N.M. App. 1992) ("On its face, Section 56-8-4(B) applies to *all* actions and is not limited to certain or specific actions, such as those based on contract or in which damages are ascertainable before trial.") (italics in original); *id.* at 254, ¶ 12 ("We thus conclude that Section 56–8–4(B) permits the award of prejudgment interest on all damages awarded in a personal injury action, including those for nonpecuniary losses"). As such, applying this statute here, the Court has discretion to award prejudgment interest on all of Plaintiff's nonpunitive damages based on "two specific factors: whether plaintiff was the cause of unreasonable delay and whether defendant had made a reasonable and timely offer of settlement." *Id.*

Both of these statutory factors strongly support an award of prejudgment interest in this case. **First**, Plaintiff not only did not "unreasonably delay" this matter, but diligently pursued it, often under less-than-ideal conditions. The original complaint was filed on February 28, 2019 and served on Defendant

FICA on May 23, 2019. *See* ECF No. 9 at 2. The Court issued its Rule 16 scheduling order on April 22, 2020 and the case went to trial as scheduled. ECF No. 43. The pretrial preparation included approximately thirty depositions and involved numerous expert witnesses. Despite the global pandemic that occurred in the Spring of 2020, Plaintiff was ready for, and successfully prosecuted, the trial of this case, which began on July 26, 2021. Clearly, Plaintiff did not delay this matter, much less "unreasonably" delay it.

**Second**, Defendants did not make any reasonable and timely settlement offers. At the early neutral evaluation conference on April 9, 2020, Farmers offered Mrs. Stein $50,000 (beyond the $175,000 previously paid) as a "nuisance value" settlement. This was based on Farmers' position that its payment of $175,000 was already too much for her claim. *See* **Exhibit 4** to Plaintiff's Motion for Award of Attorneys' Fees and Related Non-taxable Expenses (the "Fee Motion," which is being filed on this date), Declaration of Joseph Dicks, at ¶ 6. Further, in this conference and in other settlement discussions, Farmers asserted that the Steins were "litigious," were "exaggerating their damages," were "contriving baseless claims against Farmers," and were "out of control." *Id.*

Not until May 25, 2021, did Farmers offer Mrs. Stein (in the form of a Rule 68 offer of judgment) the remaining policy limits of her uninsured motorist coverage, that is, an additional payment of $315,130.02. But by that time, the Steins had expended hundreds of thousands of dollars in attorneys' fees, expert fees, and other litigation expenses, and were in the midst of final preparations for the July 26, 2021 trial.[2]

[2] During a mediation on June 30, 2021, the Steins offered to settle all claims against the Defendants for $950,000 — Farmers later offered $665,000. Then, during trial, on the last day of the jury deliberations, on the morning before the jury rendered its verdict (on August 5, 2021), Mrs. Stein sought to re-open negotiations through the mediator, but the mediator was rebuffed by Farmers' counsel, who made clear that Farmers was still not willing to budge beyond its prior offer of $665,000. *See* **Exhibit 8** to Fee Motion, Declaration of Attorney Michael Poli.

In short, the two statutory factors set out by the New Mexico legislature in § 56-8-4(B) strongly support an award of prejudgment interest under the circumstances of this case. The jury returned a verdict of $500,000 on Plaintiff's breach of contract claim and $2,500,000 on her bad faith and Unfair Insurance Practices Act ("UIPA") claim. *See* ECF No. 244. Under N.M.S.A. § 56-8-4, prejudgment interest should be treated as accruing on both the contract and the bad faith / compensatory damages awards from the date the complaint was served on Defendant FICA (May 23, 2019), at the presumptive rate of ten percent (10%) annually.

**B. <u>Plaintiff is also entitled to prejudgment interest on the hourly attorneys' fees she paid</u>.**

As part of the New Mexico legislature's desire to make injured parties whole, awards of prejudgment interest arise from the same reasoning underlying awards of attorneys' fees to injured insureds. Construing the fee-shifting statute in insurance first-party cases, N.M.S.A. § 39-2-1, the New Mexico Supreme Court noted: "The purpose of this provision is to encourage insurers to pay out injury or damage claims promptly without placing on their insureds the unreasonable burden of having to bring a lawsuit to collect what they are entitled to under the policy ***in order to make themselves <u>whole</u>***." *Amica Mut. Ins. Co. v. Maloney*, 903 P.2d 834, 842, ¶ 27 (N.M. 1995) (emphasis added). "The statute is simply designed to encourage insurers to resolve any doubt in favor of the insured and to pay off the claim quickly ***in order to make the insured <u>whole</u>*** after a loss." *Id*. (emphasis added). If an insured must advance money for attorney's fees for which she or he will not receive prejudgment interest, the insured is certainly not made "whole."

Here, after Mrs. Stein's horrific automobile accident of September 9, 2018 — for which Mrs. Stein bore ***<u>no</u>*** fault or responsibility — Farmers not only

withheld funds that Mrs. Stein had contracted for, and needed, but she was compelled to retain counsel to seek the recovery she was entitled to from Farmers. Between March of 2019 and April of 2021, the Steins paid to their first attorneys, the law firm of Dicks & Workman ("D & W"), the sum of $269,029.05 in hourly attorneys' fees and litigation expenses. *See* Plaintiff's Fee Motion, filed on the same date as this motion.[3]

As a result, Plaintiff was not only deprived of the sums she was entitled to under her contract with Farmers, she also had to come out-of-pocket for hundreds of thousands of dollars in attorneys' fees and litigation expenses. Under N.M.S.A. §§ 39-2-1 and 56-8-4(B), Plaintiff is entitled to recover the attorney's fees and expenses she has already paid ($269,029.05) (*see* Plaintiff's Fee Motion) and she is also entitled to an award of prejudgment interest on that sum. Calculating prejudgment interest on that amount at the rate of ten percent (10%) per annum, Plaintiff is entitled to prejudgment interest at the rate of $73.71 per day from the date of service of the original complaint, May 23, 2019.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court award prejudgment interest to her on the following amounts and at the following rates:

| Nature of damage | Principal amount | Accrual date | Rate | Daily amount |
|---|---|---|---|---|
| Contract damages | $500,000 | May 23, 2019 | 10% | To be determined ("TBD") based on proper setoffs / reductions |
| Compensatory | $2,500,000 | May 23, | 10% | $684.93 |

[3] Plaintiff still has a balance owed to D & W of $82,393.55 — as Plaintiff has not yet paid this balance, Plaintiff does not seek prejudgment interest on this amount.

| | | | | |
|---|---|---|---|---|
| damages for bad faith/unfair practices | | 2019 | | |
| Hourly attorney's fees & costs paid | $269,029.05 | May 23, 2019 | 10% | $73.71 |
| TOTAL | $3,269,029.05 | | | TBD based on appropriate setoffs/reductions for the contract damages |

Dated: August 19, 2021.

POLI, MOON & ZANE, PLLC

-and-

DICKS & COGLIANESE, LLP

By *_/s/ Michael N. Poli_*
Michael N. Poli
Michael D. Dicks
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2021, the foregoing document was served via the method indicated below, on the below listed recipients:

■ [VIA CM/ECF ELECTRONIC TRANSMISSION] by electronically filing the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF registrants:

Andrew S. Hollins, Esq.
Lynn A. Chang, Esq.
John V. Bell, Esq.
Messner Reeves LLP
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626
ahollins@messner.com
lchang@messner.com
jbell@messner.com
*Attorneys for Defendant Farmers Insurance Company of Arizona*

I declare under penalty of perjury under the laws of the State of Arizona that the above is true and correct.

Executed: August 19, 2021, at Phoenix, Arizona.

*/s/ Michael N. Poli*
Michael N. Poli