UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA STEIN, an individual; and STUART STEIN, an individual,<br><br>  Plaintiffs,<br>v.<br>FARMERS INSURANCE COMPANY OF ARIZONA, a corporation; and FARMERS GROUP, INC., a corporation,<br><br>  Defendants. | Case No.: 19-cv-00410-DMS-AHG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT** |

Pending before the Court is Defendant Farmers Insurance Company of Arizona's ("Defendant") Motion to Alter Judgment. (ECF No. 318.) Plaintiff Barbara Stein ("Plaintiff") filed a response and Defendant filed a reply. On March 15, 2022, the Court entered a Judgment in favor of Plaintiff. (ECF No. 303.) Defendant appealed the Judgment, and the appeal is presently pending with the Ninth Circuit. For the reasons discussed below, the Court denies Defendant's Motion to Alter Judgment and declines to issue an indicative ruling.

**I.**

**BACKGROUND**

This action proceeded to an eight-day jury trial that began on July 26, 2021, and concluded on August 5, 2021. On August 8, 2021, the jury returned a verdict for Plaintiff,

awarding $500,000 for her breach of contract claim, $2.5 million for bad faith and unfair insurance practices, and $3 million in punitive damages. (ECF Nos. 244-45.) The Court remitted, and the Plaintiff accepted, a punitive damages award of $500,000. (ECF No. 286.) In total, Plaintiff was awarded $3.5 million in damages.

In February 2022, the parties briefed Plaintiff's proposed judgment and the calculations therein. On March 15, 2022, upon consideration of the parties' arguments regarding pre-judgment interest, post-judgment interest, and attorneys' fees, the Court issued a Judgment for damages, pre-judgment interest, post-judgment interest, attorney's fees, and costs ("Judgment"). (ECF No. 302, 303). Defendant appealed the Judgment to the Ninth Circuit, and the appeal is presently pending. On May 19, 2022, Defendant filed the present motion. Defendant claims that the Court committed a clerical error in the Judgment, and while an appeal is pending, requests that the Court issue an indicative ruling stating that it would grant Defendant's motion or that the motion raises a substantial issue.

At the heart of Defendant's argument is a $315,130.02 check ("the check"). On September 21, 2021, a month after the verdict and approximately five months before the Judgment, Defendant tendered the check to Plaintiff. (ECF No. 297 at 2.) However, Plaintiff did not cash the check for several months because of lien issues with her prior counsel. (ECF No. 295-2 at 2.) In its present motion, Defendant argues that the amount of the check should have been deducted from the damages figure of $3,306,948.02, which appeared in the Judgment. Both parties previously referenced the check in their arguments about the proper calculation of pre-judgment interest, but they did not make arguments about whether the check should be applied to the damages figure in the Judgment. (ECF Nos. 295, 297, 300.) Instead, both parties proposed the same damages award, which had not subtracted the amount of the check. (ECF No. 295-1 at 3, ECF No. 297 at 1, 8).

The Court issued the Judgment based on the parties' calculations. In their prior briefing, Plaintiff and Defendant had agreed to subtract $193,051.98 from the total compensatory damages award of $3 million to account for certain sums the Defendant had already paid Plaintiff. This deduction accounted for three specific payments: (1) a

$175,000 advance payment, (2) a $9,869.98 reimbursement to Medicare, and (3) $8,182.00 under the medical payments coverage of the subject policy. (ECF No. 295-2 at 2; ECF No. 297 at 1.) The resulting compensatory damages amounted to $2,806,948.02, as specified in the Court's Order Regarding Pre-Judgment Interest and Costs. (ECF No. 302.)

In its present motion, Defendant claims the Court committed an error and failed to deduct the amount of the check from the damages award before the Judgment was entered. Defendant states that the Judgment should have specified $2,991,818.00, not $3,306,948.02, in total damages, and argues that the Court intended for it to receive the credit. (ECF No. 318 at 5-6.) Pursuant to Federal Rules of Civil Procedure 60(a) and 62.1, Defendant requests the following: (1) amendment of the Judgment to reflect $2,991,818 in damages, and (2) an indicative ruling stating that the Court would correct the Judgment as requested if the Ninth Circuit were to remand the case for the limited purpose of deciding the motion. (ECF No. 318 at 2.)

Plaintiff objects and claims she neither made a misrepresentation to the Court nor did the Court make a clerical error. Plaintiff argues that both parties were aware of the check and agreed to the Judgment as entered, which included the correct amount in compensatory damages. (ECF No. 323 at 2.) Plaintiff makes clear she will not seek double-recovery in the amount of $315,000. *Id.* at 5, 8. Finally, Plaintiff seeks reasonable attorneys' fees for having to respond, "given the clear fallacies" upon which Defendant's motion relies. *Id.* at 2, 9.

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 60(a), the court may correct a clerical mistake or one arising from oversight or omission. However, if an appeal is pending, the district court may correct a mistake only with the appellate court's leave. Fed. R. Civ. P. 60(a). Even if a district court lacks authority to grant a motion because of a pending appeal, the court may deny or defer considering the motion, or issue an indicative ruling stating that it

would grant the motion if the court of appeal remanded for that purpose or stating that the motion raises a substantial issue. Fed. R. Civ. P. 62.1.

However, the Court determines its course of action by first considering whether an error is "clerical." In contrast to Rule 60(a), Rule 59(e) requires the filing of a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A clerical error involves a "failure to memorialize part of [the court's] decision," whereas a court's alteration or amendment of a judgment involves a "substantive change of mind by the court." *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012), (citing *Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir.1983)). Here, the Court did not commit a clerical error and Defendant's request amounts to a motion to alter or amend the Judgment.

The Judgment reflects the damages calculation proposed in both Plaintiff's and Defendant's briefing. The Court denies Defendant's motion because the parties stipulated to $3,306,948.02 in damages as the correct figure for entry in the Judgment. In its Objection to Plaintiff's Proposed Judgment, Defendant agreed to compensatory damages in the amount of $2,806,948.02—not once, but twice. First, in a section titled "Compensatory Damages," Defendant cited to Plaintiff's proposed judgment and stated, "Plaintiff's proposed compensatory damages is in accordance with the Court's order that the total compensatory damages award is $2,806,948.02, which accounts for the (1) $175,000 advance payment, (2) the $9,869.98 reimbursement to Medicare, and (3) $8,182.00 for payments under the Medical Payments coverage." (ECF No. 297 at 1.) Second, in its conclusion, Defendant included a chart to illustrate "the proper entry of judgment," which specified $2,806,948.02 as the correct amount of compensatory damages. *Id*. at 5. Combined with $500,000 in punitive damages, the total damages proposed by both parties amounted to $3,306,948.02. Consistent with the parties' stipulation, the Court entered this amount as the total damages in the Judgment.

Additionally, in their briefing addressing damages calculations, the parties mentioned the check only in the context of whether the amount should be credited for the

purposes of determining pre-judgment interest. Neither Plaintiff nor Defendant adequately explained the lien issues surrounding the check to make clear whether the parties considered the amount paid for the purposes of deduction from compensatory damages, or whether the payment was still in progress. The Court stated, "Plaintiff credited the Defendant for the entirety of the check" in the "Pre-Judgment Interest" section of its Order Regarding Pre-Judgment Interest and Costs. (ECF No. 302 at 4.) The Court's reference to the credit addressed Defendant's objections to Plaintiff's calculations of pre-judgment interest only, as Defendant had not raised any objections to Plaintiff's calculation of compensatory damages.

Under Rule 60(a), a district court can correct clerical errors it had made in prior orders but cannot make substantive changes. *See, e.g., Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 636 (9th Cir. 1989) (upholding the district court's correction of agreed-upon costs and interest rates in its prior decision as a clerical error). A "failure to memorialize part of its decision" is a clerical error a court may correct under Rule 60(a), but a court's "substantive change of mind" is an alteration or amendment requiring a motion under Rule 59(e). *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983). The change requested by the Defendant reflects the latter. The Court intended to specify a damages figure of $3,306,948.02 in the Judgment. This amount was proposed by the parties, which had not excluded the amount of the check. For this reason, amending the Judgment at this stage to reflect $315,130.02 less in damages would be a change of "more substance" than a "mere clerical correction." See *Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry & Vickie Moyes Fam. Tr.*, No. 3:08-CV-1368-GPC-BGS, 2013 WL 3283676, at *2 (S.D. Cal. June 27, 2013).

Furthermore, Defendant's motion to amend the judgment is untimely. Defendant should have filed its motion to amend the Judgment within 28 days from the entry of the Judgment as required by Federal Rule of Civil Procedure Rule 59(e). Defendant failed to do so and has filed this motion more than two months after entry of the Judgment. The Court cannot extend time to act under Rule 59(e). *See* Fed. R. Civ. P. 59(e); *see also*

*Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry & Vickie Moyes Fam. Tr.*, No. 3:08-CV-1368-GPC-BGS, 2013 WL 3283676, at *3 (S.D. Cal. June 27, 2013) (failing to raise an interest rate issue through the course of proposed judgments and objections barred such a change). Consequently, Defendant's motion is denied.

## III.
## CONCLUSION

For the foregoing reasons, Defendant's Motion to Alter the Judgment is DENIED. Plaintiff makes clear that she will not attempt to double-recover the amount of the check—$315,130.02. Should she attempt to do so, Defendant can seek relief under Federal Rule of Civil Procedure 60(b), which expressly authorizes a motion to seek relief when a judgment has already been satisfied. The parties are instructed to bear their own costs.

**IT IS SO ORDERED.**

Dated: August 1, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court